UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               CRIMINAL NO. 19-20388

v.                                        HON. NANCY G. EDMUNDS

ZACHARY WORLEY,

        Defendant.

_____/

## DISCOVERY NOTICE

1.     The attorney for the government knows that the defendant made

        A.    relevant written or recorded statements, (including grand jury testimony),    and/or

        B.    relevant oral statements made in response to interrogation, whether before or after arrest, by a person then known to the defendant to be a government agent, whether or not the statement is included in a written record, as follows:

        NO   ☐       YES  ■

2.     The attorney for the government knows that defendant has a prior criminal record:

        YES  ■       NO  ☐

3. The following books, papers, documents, photographs and tangible objects are within the possession, custody or control of the government and are intended to be used as evidence in chief at trial, are known to the government to be material to the preparation of the defense, or were obtained from or belong to the defendant:

    Agency reports, computer evidence, interviews and interview reports

4. Results or reports of the following physical or mental examinations, or scientific tests or experiments, are within the possession, custody or control of the government, and are either intended to be used as evidence in chief at trial or are known to the government to be material to the preparation of the defense:

    Computer forensics reports

5. The government intends to introduce at trial testimony from one or more experts in the following areas of expertise:

    Computer forensic expert; child sexual abuse expert

6. The government may introduce evidence obtained from execution of the following search warrants:

    State cellular phone warrant from February 16, 2019

7. The government may introduce evidence obtained through wiretaps or other electronic surveillance:

    Not Applicable  ■

8. The government intends to offer evidence under Federal Rule of Evidence 404(b)

    NO ☐        YES ☐        UNSURE ■

The attorney for the government is aware of the obligations imposed by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny and will comply with their obligation to provide defense counsel with exculpatory evidence that is material to either guilt or to punishment in time for effective use at trial.

If the government discovers additional information of the type described in the above paragraphs, it will advise defense counsel in writing.

Upon specific request of the defendant, the government will make available for inspection or copying the items described in Paragraphs One, Three, and Four; will furnish the record referred to in Paragraph Two; will provide a summary (which will include the witnesses' qualifications, opinions, and the bases and reasons for the opinions) of the anticipated testimony described in Paragraph Five and will provide notice of the general nature of the evidence referred to in Paragraph Eight. The government's compliance with any specific request will trigger the defendant's duty to provide the reciprocal discovery denoted in Fed. R. Crim. P. 16(b)(1)(A)-(C). If the defendant makes a general request for discovery the government will construe it as a request for each item described in Fed. R. Crim. P. 16(a)(1) (A)-(G). The government's compliance with the defendant's general request will trigger the defendant's duty to provide reciprocal discovery of each item specified in Fed. R. Crim. P. 16(b)(1)(A)-(C).

MATTHEW SCHNEIDER
United States Attorney

s/April N. Russo
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9129
E-Mail: april.russo@usdoj.gov

Dated: June 12, 2019