UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,

                                  HONORABLE NANCY G. EDMUNDS

     v.

                                  No. 19-CR-20388

ZACHARY WORLEY,

                Defendant.

_____/


SENTENCING HEARING

Detroit, Michigan – Thursday, December 5, 2019


Appearances:

April Nicole Russo
Barbara Lanning
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9103
Email: barbara.lanning@usdoj.gov
Email: april.russo@usdoj.gov
On behalf of Plaintiff

Stacey M. Studnicki
Federal Defender Office
613 Abbott, 5th Floor
Detroit, MI 48226
313-967-5856
Email: stacey_studnicki@fd.org
On behalf of Defendant

-   -   -

Suzanne Jacques, Official Court Reporter
email: jacques@transcriptorders.com

Sentencing Hearing
Thursday, December 5, 2019


**I  N  D  E  X**

–   –   –

<u>Proceeding</u>                                                          <u>Page</u>

Allocution by Ms. Studnicki                        4

Allocution by Ms. Russo                            5

Response by Ms. Studnicki                         11

Allocution by the Defendant                       13

Sentence of the Court                             13

Certificate of Court Reporter                     23

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

```
 1            Detroit, Michigan

 2            Thursday, December 5, 2019

 3            10:41 a.m.

 4                    -     -     -

 5            THE CLERK:  Court calls case number 19-20388,

 6   United States of America vs. Zachary Worley.  Date and time

 7   set for sentencing.

 8            Would counsel state your name for the record?

 9            MS. RUSSO:  Good morning, Your Honor.  April

10   Russo and Barbara Lanning on behalf of the United States.

11            THE COURT:  Good morning.

12            MS. STUDNICKI:  Good morning, Your Honor.

13   Stacey Studnicki with the Federal Defender's Office on

14   behalf of Mr. Zachary Worley, who is standing to my left.

15            THE COURT:  Good morning.  Be seated.

16            I believe I took the Rule 11 agreement under

17   advisement at the time I accepted the plea.  Still want me

18   to accept it?

19            MS. STUDNICKI:  Yes, Your Honor.

20            MS. RUSSO:  Yes, Your Honor.

21            THE COURT:  And Ms. Studnicki, have you had an

22   opportunity to review the presentence report with

23   Mr. Worley?

24            MS. STUDNICKI:  Yes, I have.

25            THE COURT:  No objections?
```

Sentencing Hearing
Thursday, December 5, 2019

1          MS. STUDNICKI:  No, Your Honor.

2          THE COURT:  Any for the government?

3          MS. RUSSO:  None, Your Honor.

4          THE COURT:  Then Ms. Studnicki, is there

5    anything you'd like to say on behalf of Mr. Worley before I

6    impose sentence?

7          MS. STUDNICKI:  Yes, Your Honor, if I may.

8          Your Honor, I did file a sentencing memorandum

9    for Mr. Worley.

10         THE COURT:  I saw it.  Thank you.

11         MS. STUDNICKI:  Thank you.  I won't repeat my

12   sentencing memorandum, however, just to make a few points on

13   behalf of Mr. Worley, Your Honor, I think the facts of this

14   case speak for themselves.  As I pointed out in the

15   memorandum, the minor victim, he met the minor victim on an

16   app, a meeting app, a dating app for people over the age of

17   18.  She misrepresented her age to him.

18         And I would point out one thing, Your Honor,

19   that the government put in their sentencing memorandum about

20   him contacting other minors.  The person that they pointed

21   to is actually 23 years old, the other alleged minor, so I

22   would ask the Court to disregard that statement in the

23   government's memorandum.  She's not -- the other person is

24   not a minor at all who he was communicating with on his

25   phone.  There is no evidence that he was communicating with

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

1   any other minors, had collections of child pornography, was

2   targeting young girls.

3           The minor victim in this case, as I said, was

4   someone who represented -- misrepresented her age to him,

5   and there's no other evidence of behavior like this, Your

6   Honor.  As Your Honor has seen and has -- we have all seen

7   cases such as this, Your Honor.  This is such a different

8   case than what we're used to seeing.  We're used to seeing

9   men who target multiple minors, who have collections of

10  child pornography on their phone or on their computers, who

11  have extremely egregious behavior.  Your Honor, none of that

12  is here in this case.

13          Your Honor, he's 25 years old.  A sentence of 10

14  years is a huge amount of time for this young man.  He's

15  willing to pay the consequences, though, Your Honor.  He's

16  sorry, what he did was wrong, but Your Honor, a sentence of

17  10 years is more than enough punishment in this case given

18  the facts of this case, given the background of Mr. Worley.

19  And so, Your Honor, I would ask that the Court sentence him

20  to the mandatory minimum, which is the 120 months.

21          THE COURT:  Thank you, Ms. Studnicki.

22          MS. STUDNICKI:  Thank you.

23          THE COURT:  Ms. Russo.

24          MS. RUSSO:  Thank you, Your Honor.

25          Your Honor, the government is asking for a

Sentencing Hearing
Thursday, December 5, 2019

1   downward variance in this case.  The guidelines are 360

2   months to life, and the government is asking for 25 years of

3   imprisonment plus 5 years of supervised release, and a

4   restitution order that's been agreed to by the parties of

5   $25,000 to the minor victim in this case.

6            I want to go through a couple of the things that

7   were brought up in the defense sentencing memo as I go

8   through the 3553(a) factors and explain how the government

9   came to this recommendation, Your Honor, because we agree

10  that there is mitigation in this case, but there are some

11  aggravating factors, as well.

12           When you look at the nature and circumstances of

13  this offense, Your Honor, I think one of the problems is

14  that the defendant has failed to accept responsibility for

15  what he did, which I think is a risk factor and so it sort

16  of clouded the facts.  So I want to go through those facts a

17  little bit.

18           First of all, Your Honor, the government agrees

19  that the minor victim in question had a profile that said

20  she was 19 and from California.  The defendant quickly

21  learned she was not from California, that she was from

22  Michigan, and the defendant and the minor victim, who was 14

23  at the time, actually, started Skype messaging, and they

24  were on webcam with each other, Your Honor.  And in these

25  images that the defendant captured of the minor victim

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

1  engaged in masturbation, engaged in other sexual activity,

2  you can see stuffed animals on her bed.  It's clearly a

3  child's bedroom, Your Honor.

4          So in the very beginning when he's starting to

5  communicate with this minor, he must be aware that this is a

6  child, and looking at those images, the agents involved in

7  this case, the FBI agents, myself, Your Honor, can very

8  clearly tell this is a child.

9          In addition to that, Your Honor, the way that

10  this young girl communicates is very clearly indicative of

11  the fact that she's a child.  To give you an example of

12  that, after about three months of communicating with

13  Mr. Worley, Mr. Worley tells her he's going to come meet up

14  with her, he's going to travel from Texas to Michigan.  This

15  is in February of 2019.

16          There's a text message conversation between him

17  and the minor victim during this time.  Worley tells her,

18  I'm safe, I'm riding the bus, I'm on my way.  She responds,

19  Rawr, R-A-W-W-W-W-R, my mom brought cookies, OOOO MMMM GGG,

20  she bought cookies.  This is indicative of all the sorts of

21  conversations these two had.  Clearly shows that she's not

22  19 years old.

23          So when Mr. Worley arrives in Michigan, they

24  have to pick her up from her mother and father's house

25  'cause that's where she lives.  He brings her back to this

Sentencing Hearing
Thursday, December 5, 2019

1   other house where she's doing her school homework on a
2   school laptop, and Mr. Worley admits that he noticed that
3   she was doing that.  Mr. Worley's friend sees her doing that
4   and says, "I need some identification because you appear to
5   be a minor, and I think you might be 14 or 15 years old."
6   He tells Mr. Worley, "This child is 14 or 15 years old,
7   she's not 19, right?"

8           And after that occurs, Mr. Worley and the friend
9   drop the girl back off at her parents' house, pick her up
10  again.  At that point, he has sex with her numerous times,
11  he gives her LSD.  And the friend says, "Listen, she is a
12  minor, I can't have her in my house having sex with you.
13  I'm not going to be a part of this."

14          Instead of Mr. Worley then saying okay, you're
15  right, let's drop her back off at her parents' house, while
16  the friend leaves to go warn the father about what's
17  happening, Mr. Worley takes this girl to the Greyhound bus
18  station, buys two tickets to go to Texas with this young
19  girl, knowing that the police may be informed of what's
20  going on by his friend.  In fact, it is after he for sure
21  knows that the police are involved that he asks this girl to
22  create a video stating that she was -- had always told him
23  that she was over the age of 18, and he posts this video on
24  social media.  It's only after he knows the police are
25  coming after him that he does that, and I think that's very

Sentencing Hearing
Thursday, December 5, 2019

1   important because the way he's characterized this video is

2   that he never thought she was under age, and he had her

3   create this video as a result.

4           He also, if you recall, Your Honor, has her

5   ditch her phone in some tires.  Now, whether that was of her

6   volition or his volition, we don't know, but what we do know

7   is she ditched her phone, that she told him she was

8   concerned that her dad was going to track her and come after

9   her and try to prevent them from going on this bus.

10          So when you look at all that evidence, it's very

11  clear, Your Honor, that this defendant knew that she was

12  underage and continued to have sexual relations with her

13  after knowing that.  But not just that, that he produced

14  child pornography as well as enticed this minor.

15          And he isn't facing the 15-year mandatory

16  minimum, and that is in part because of the mitigating

17  factors that Ms. Studnicki has mentioned in her memorandum,

18  and the government understands these factors, and that is

19  why we made the offer that we did make, Your Honor.  Those

20  factors include Mr. Worley's history and characteristics.

21  He's had a very difficult childhood, we don't deny that.  He

22  doesn't have a lot of support systems out there that could

23  help him avoid falling into this sort of trap.

24          In addition to that, Your Honor, they include

25  the fact that there wasn't other child pornography on his

Sentencing Hearing
Thursday, December 5, 2019

1  devices.  There was a communication with a young lady who

2  said that she was half the age of 30, so she indicated to

3  him she was 15.  He now says she was 23.

4          MS. STUDNICKI:  Wait, I'm sorry, I have to -- it

5  says, "We are halfway to 30."  It didn't say, "I am halfway

6  to 30."

7          "We are halfway to 30."  I have to correct that.

8          MS. RUSSO:  I don't have the communication in

9  front of me, Your Honor, so --

10          MS. STUDNICKI:  Would you like to see it?

11          MS. RUSSO:  I have no reason to dispute what

12  Ms. Studnicki is saying.

13          But there was a girl he was communicating with

14  other than the victim in this case who indicated that she

15  was halfway to 30, which is of concern.

16          But like I said, this is, to us, a mitigating

17  factor, that there's no other child pornography, that

18  there's no other victims that we know of that are minors

19  that he met up with for sex.

20          The aggravating factors are that he provided

21  drugs to this young girl and that he met up with her

22  multiple times for sex and was trying to take her to Texas.

23  So when you look at all those factors, Your Honor, that's

24  where we end up at our recommendation.

25          The only other thing I want to say before I sit

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

1   down is just that when we look at the history and

2   characteristics of this offender, there is mitigation but

3   there is also some serious cause for concern, and the

4   government's biggest concerns about this offender is his

5   failure to accept responsibility, his lack of remorse for

6   what occurred with respect to this victim.  I think he's

7   very upset that he got caught.  I don't think he actually

8   has expressed to this Court that he feels sorry for what he

9   did to this young girl.  And third, Your Honor, a factor

10  that does increase the risk of recidivism, which we have to

11  consider, is the fact that he does have a history of

12  committing crimes as a juvenile.  And when we look at

13  antisocial behavior risk, that is one of the factors that

14  suggests that he is a higher risk of recidivism.

15          So looking all at all those things, Your Honor,

16  the government lands at a downward variance and a request

17  for 25 years.

18          THE COURT:  Thank you, Ms. Russo.

19          MS. STUDNICKI:  Judge, can I rebut?

20          THE COURT:  Go ahead.

21          MS. STUDNICKI:  I'm sorry, but first of all, the

22  text messages on his phone, I just got them Monday, Monday.

23  They did not give them to me.  They cited them in their

24  sentencing memorandum, and as we're looking at the

25  government's sentencing memorandum citing text messages, we

Sentencing Hearing
Thursday, December 5, 2019

 1   don't have those.

 2         MS. RUSSO:  Your Honor, they've been available

 3   for the defense to review from the beginning of the case,

 4   but because they contain child pornography, we cannot pass

 5   those so we've made them available to review.  When

 6   Ms. Studnicki saw the sentencing memo, she wanted to review

 7   them, we were able to pass the specific excerpts that we had

 8   cited in our sentencing memo and do redactions so that she

 9   could have those, which we did immediately.

10         MS. STUDNICKI:  Anyway, she said the text

11   message about, my mom brought cookies, blah, blah, blah,

12   that is not indicative of how that woman, girl spoke.  I

13   have all those text messages.  She spoke in complete

14   sentences.  So it's a misrepresentation to say this girl

15   always said OMG, whatever.  She spoke in complete sentences.

16         He did not take her to the bus station, they

17   walked down the street together.  He did not force her to go

18   to the bus station, she went with him on foot.  The video

19   was made, he asked her to make a video in response to the

20   text messages from his friend Edward saying, "Dude, she's

21   15, the father says she's 15."

22         And Your Honor, just one more thing on his

23   criminal history.  As I pointed out in my memo, this young

24   man went through a hard time between the age of 16 and 18

25   with his father.  If the Court notices, all the criminal

Sentencing Hearing
Thursday, December 5, 2019

1    history is that point in his life, between the ages of 16

2    and 18, and most of it is related all to his family turmoil.

3    It's not -- and there's a correlation there, Your Honor.

4    Once he left the family house, he has not had anymore

5    criminal history.

6              And Your Honor, in terms of not showing remorse,

7    I don't understand where that's coming from.  He pled

8    guilty, he timely accepted responsibility.  This young man

9    has shown remorse, so I don't understand that.

10             And he has not had his chance to speak yet

11   today.

12             THE COURT:  Mr. Worley, I'd be happy to hear

13   anything you have to say in your own behalf before I impose

14   sentence.

15             THE DEFENDANT:  Yes, Your Honor.  I would just

16   like to say that I'm sincerely, deeply sorry for my actions

17   and what I've done.  I want to say that I'm very sorry to

18   the minor and her family.  I never meant any ill will to

19   anyone, and I want to say that I realize that what I did was

20   wrong, and I swear it will never happen again.

21             THE COURT:  Thank you.

22             THE DEFENDANT:  Thank you.

23             THE COURT:  Want to step forward, please,

24   Ms. Studnicki, with Mr. Worley?

25             The guidelines in this case are 360 months to

Sentencing Hearing
Thursday, December 5, 2019

 1   life.  The guidelines, of course, are advisory, they're not
 2   mandatory.  The Court is directed under 18 U.S.C. Section
 3   3553(a) to impose a sentence that's sufficient but not
 4   greater than necessary to achieve the statutory objectives.
 5           There is a 10-year mandatory minimum in this
 6   case, and this is a special case because I agree with most
 7   of what defendant says.  He had a very troubled childhood,
 8   his criminal history seems to be correlated with his
 9   problems at home.  There is no evidence of other child
10   pornography.
11           And I'm kind of reading between the lines here,
12   but I think what happened is he became obsessed with this
13   young girl and was willfully blind to the fact that she
14   might have been underage.  She was underage, and that what
15   was apparent to others who dealt with her, he closed his
16   eyes to not because of her youth, necessarily, but because
17   he had become fixated on her through this app.
18           So as I go through the sentencing factors, the
19   nature and seriousness of the offense, well, obviously
20   having sex with a 14-year-old, eventually 15-year-old, is a
21   serious kind of offense that can impact the victim's life
22   forever, a very serious offense, and that's why there's a
23   10-year mandatory minimum on it.
24           And the history and characteristics of the
25   defendant, I've already mentioned he had a difficult

Sentencing Hearing
Thursday, December 5, 2019

1  childhood, he let himself become a victim of a dating app

2  that he should have been more careful with, should have been

3  more alert to, kind of willfully ignored, but I don't think

4  he's the type of sexual predator that we usually see in

5  child pornography.  We often see, I'm not going to say

6  usually, in child pornography cases.

7          The second factor is to acknowledge the

8  seriousness of the offense, to impose respect for the law

9  and to provide just punishment.  That is what the guidelines

10 try to do.  I always think of this second factor as a

11 guidelines factor.

12         The third and fourth factors are deterrence

13 factors; one, to prevent others from engaging in this kind

14 of activity, and the other, to protect society against

15 further crimes of this defendant.  I don't expect him to

16 repeat this type of crime when he's finished with his

17 custody sentence.  As I said, I don't think he is the

18 typical sexual predator.  I think he just permitted himself

19 to become obsessed with this one particular young girl.

20         And then, to avoid unwarranted sentencing

21 disparities with others of similar backgrounds who committed

22 similar offenses, and to provide appropriate educational,

23 emotional, medical, et cetera, programs for the defendant.

24         So I think 360 months is way, way too much here.

25 I think that the 25 years requested by the government is way

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

1    too much.  It seems to me that a sentence at the mandatory

2    minimum is more than enough for someone in this particular

3    position, and that happens to be the sentence Probation also

4    recommended.

5              So on Count 1 of the Information, pursuant to

6    the Sentencing Reform Act of 1984, the Court, considering

7    the sentencing guidelines and factors contained in 18 U.S.C.

8    Section 3553(a), hereby commits the defendant to the custody

9    of the United States Bureau of Prisons for a term of 120

10   months.  It is further recommended that the defendant be

11   designated to an institution with a comprehensive drug

12   treatment program.

13             Upon release from imprisonment, defendant shall

14   be placed on supervised release for a term of 5 years.  It

15   is further ordered that the defendant pay a special

16   assessment of $100, which is due immediately.  It is further

17   ordered that the defendant pay a Justice for Victims of

18   Trafficking Act assessment of $5,000, which is also due

19   immediately.

20             While in custody, defendant shall participate in

21   the Inmate Financial Responsibility Program, IFRP.  This

22   Court is aware of the requirements of the IFRP, and approves

23   the payment schedules of this program and hereby orders the

24   defendant's compliance.

25             The Court waives the imposition of a fine, the

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

1    costs of incarceration and the costs of supervision due to

2    the defendant's lack of financial resources.  It is further

3    ordered that the defendant pay restitution payable to the

4    Clerk of the Court for disbursement to the victim identified

5    below, in the amount below, for a combined restitution in

6    the amount of $25,000, which is due immediately.  Interest

7    shall not accrue.

8                  Mandatory drug testing is ordered.

9                  Pursuant to 34 U.S.C. 40702, defendant shall

10   cooperate with the collection of a DNA sample as directed by

11   the probation officer.

12                 While on supervision, defendant shall abide by

13   the standard conditions adopted by this Court and with the

14   following special conditions.  Due to the circumstances and

15   nature of the offense, the following conditions are ordered.

16   One, defendant must comply with the requirements of the Sex

17   Offender Registration and Notification Act, that is, 34

18   U.S.C. Section 20901 et sec, as directed by the probation

19   officer, the Bureau of Prisons or any state sex offender

20   registration agency in the location where defendant resides,

21   works, is a student or was convicted of a qualifying

22   offense.

23                 Two, defendant must not have direct contact with

24   any child he knows or reasonably should know to be under the

25   age of 18 including -- well, he doesn't have any children --

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

 1   without the permission of the probation officer.  If

 2   defendant does have any direct contact with any child he

 3   knows or reasonably should know to be under the age of 18

 4   without permission of the probation officer, he must report

 5   this contact to the probation officer within 24 hours.

 6   Direct contact includes written communication, in person

 7   communication or physical contact.  Direct contact does not

 8   include incidental contact during ordinary daily activities

 9   in public places.

10           Three, defendant must participate in the

11   Computer and Internet Monitoring Program administered by the

12   United States probation department.  He must abide by the

13   CIMP agreement in effect at the time of supervision, and

14   comply with any amendments to the program during the term of

15   supervision.  Due to the advances in technology, the Court

16   will adopt the amendments of the CIMP as necessary.

17           For the purposes of accounting of all computers,

18   hardware, software and accessories, defendant must submit

19   his person, residence, computer and/or vehicle to a search

20   conducted by the US probation department at a reasonable

21   time and manner.

22           He must inform any other residents that the

23   premises may be subject to a search pursuant to this

24   condition.  Defendant must provide the probation officer

25   with access to any requested financial information,

Case No. 19-CR-20388 USA vs. Zachary Worley

Sentencing Hearing
Thursday, December 5, 2019

 1   including billing records, telephone, cable, internet,

 2   satellite, et cetera.

 3            Failure to submit to a -- to the search just

 4   referenced shall be conducted by a United States probation

 5   officer at a reasonable time and in a reasonable manner

 6   based upon a reasonable suspicion of contraband or evidence

 7   of a violation of a condition of release.  Failure to submit

 8   to such a search may be grounds for revocation.

 9            Defendant must warn any residents that the

10   premises may be subject to searches.

11            Five, defendant must not have any contact,

12   directly or indirectly, with any victim or witness in this

13   offense unless approved by the probation officer.

14            Six, defendant must not purchase, sell, view or

15   possess images in any form of media or live venue that

16   depict pornography, sexually explicit conduct, child erotica

17   or child nudity.  He must not patronize any place where such

18   material or entertainment is available.

19            Seven, defendant must have all residences

20   preapproved by the probation department.  He must not

21   provide care or live in a residence where children under the

22   age of 18 reside without prior approval of the probation

23   officer.

24            Eight, if necessary, defendant must submit to a

25   psychological or psychiatric evaluation as directed by the

Sentencing Hearing
Thursday, December 5, 2019

1   probation officer.

2            Nine, defendant must submit to substance abuse

3   testing to determine if he has used a prohibited substance.

4            Ten, defendant must take all mental health

5   medications that are prescribed by his treating physician.

6            11, defendant must participate in a cognitive

7   behavioral treatment program and follow the rules and

8   regulations of that program.  The probation officer will

9   supervise his participation in the program.  Such programs

10  may include group sessions led by a counselor, or

11  participation in a program administered by the probation

12  office.

13           12, defendant must not use or possess any

14  controlled substances without a valid prescription.  If he

15  does have a valid prescription, he must disclose the

16  prescription information to the probation officer and follow

17  the instructions on the prescription.

18           13, defendant must work full time, at least 30

19  hours per week, at a lawful type of employment unless the

20  probation officer excuses him from doing so.  If he does not

21  have full-time employment, he must try to find full-time

22  employment unless the probation officer excuses him from

23  doing so.  If he plans to change where he works, or anything

24  about his work such as position or job responsibilities, he

25  must notify the probation officer at least 10 days before

Sentencing Hearing
Thursday, December 5, 2019

1    the change.  If notifying the probation officer at least 10

2    days in advance is not possible due to unanticipated

3    circumstances, he must notify the probation officer within

4    72 hours of becoming aware of a change or expected change.

5              Due to the financial obligations, the following

6    conditions are ordered:  Defendant shall make monthly

7    installment payments on any remaining balance of the

8    restitution and special assessment at a rate and schedule

9    recommended by the probation department and approved by the

10   Court.  He must not incur new credit charges or open

11   additional lines of credit without the approval of the

12   probation officer.  And finally, he must provide the

13   probation officer with access to any requested financial

14   information and authorize the release of any financial

15   information.  The probation office may share financial

16   information with the U.S. Attorney's Office.

17             Mr. Worley, I do not think you have the right to

18   appeal the sentence or your conviction since the sentence is

19   below the guidelines you agreed to in your Rule 11

20   agreement.  To the extent there's any issue you think you

21   want to raise on appeal, you need to talk to Ms. Studnicki

22   about it immediately because there's a time limit of 14 days

23   during which you must file your appeal.

24             Are there any issues that have not yet been

25   addressed by the Court, Ms. Studnicki?

Sentencing Hearing
Thursday, December 5, 2019

1          MS. STUDNICKI:  No, Your Honor, just that we've

2     looked at institutions, and Mr. Worley was wondering if the

3     Court would recommend Elkton, Ohio.

4          THE COURT:  I'll be happy to do that, with the

5     understanding that the BOP does its own evaluation and --

6          THE DEFENDANT:  I understand.

7          THE COURT:  -- and sometimes they follow the

8     Court's recommendation, and just as often they don't.

9          MS. STUDNICKI:  Yes, Your Honor.  Thank you.

10         THE COURT:  Ms. Russo, any additional issues?

11         MS. RUSSO:  No, Your Honor.

12         THE COURT:  All right.  Thank you.

13         MS. STUDNICKI:  Thank you, Your Honor.

14         THE COURT:  Good luck.

15         (Proceedings concluded at 11:12 a.m.)

16

17

18

19

20

21

22

23

24

25

Case No. 19-CR-20388 USA vs. Zachary Worley

1          **-  -  -**

2

3          **C E R T I F I C A T I O N**

4

5 I, Suzanne Jacques, Official Court Reporter for the United

6 States District Court, Eastern District of Michigan, Southern

7 Division, hereby certify that the foregoing is a correct

8 transcript of the proceedings in the above-entitled cause on the

9 date set forth.

10

11

12 s/Suzanne Jacques          9/27/2021
Suzanne Jacques, RPR, RMR, CRR, FCRR   Date
13 Official Court Reporter
Eastern District of Michigan
14

15          **-  -  -**

16

17

18

19

20

21

22

23

24

25

Case No. 19-CR-20388 USA vs. Zachary Worley